**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07-CR-74-LRR |
| vs. | **ORDER** |
| JASON SCHMIDT, | |
| Defendant. | |

## I. INTRODUCTION

The matter before the court is Defendant Jason Schmidt's Motion in Arrest of Judgment ("Motion") (docket no. 75).

## II. RELEVANT PROCEDURAL HISTORY

On August 28, 2007, a grand jury returned a one-count Indictment against Defendant. Count 1 charges Defendant, having previously been convicted of crimes punishable by imprisonment for a term exceeding one year, with knowingly possessing ammunition ("Ammunition") and a firearm ("Shotgun"), in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Indictment also includes a forfeiture allegation.

On November 29, 2007, Defendant waived his right to a jury trial. On December 3, 2007, Defendant appeared with counsel for his bench trial. The same day, the court found Defendant guilty of the crime charged in the Indictment. On December 11, 2007, Defendant filed the Motion. On December 18, 2007, the government filed a resistance ("Resistance").

The court finds the matter fully submitted and ready for decision.

## III. STANDARD OF REVIEW

Federal Rule of Criminal Procedure 34 governs a motion for arrest of judgment. It states:

> **(a) In General.** Upon the defendant's motion or on its own, the court must arrest judgment if:
>
> **(1)** the indictment or information does not charge an offense; or
> **(2)** the court does not have jurisdiction of the charged offense.
>
> **(b) Time to File.** The defendant must move to arrest judgment within 7 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere.

Fed. R. Crim. P. 34 (emphasis in original). The Eighth Circuit Court of Appeals has explained that, under Rule 34, a motion for arrest of judgment "must be based upon failure of the indictment to charge an offense or upon a finding that the court was without jurisdiction of the offense." *United States v. Whitted*, 454 F.2d 642, 646 (8th Cir. 1972). Rule 34, and its attendant relief, do not apply when "[n]either of those circumstances is present . . . ." *Id*.

## V. PARTIES' ARGUMENTS

Defendant argues in the Motion, based upon the holding in *United States v. Lopez*, 514 U.S. 549 (1995), that the trial evidence revealed an insufficient jurisdictional nexus to convict him of the crime charged in the Indictment. First, Defendant argues that the government's prosecution of him for the same act to which he has already pleaded guilty in state court ("Iowa Plea") offends *Lopez*'s holding that the Commerce Clause does not confer a general police power on Congress. Second, Defendant argues that his possession of the Shotgun and Ammunition did not substantially affect interstate commerce, as *Lopez* requires to confer jurisdiction. The government responds that the jurisdictional nexus is satisfied if the Shotgun and Ammunition traveled across state lines at some time prior to Defendant's possession of them.

## V. ANALYSIS

Defendant was convicted for a violation of 18 U.S.C. § 922(g)(1), which states that

> [i]t shall be unlawful for any person—

2

> **(1)** who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . .
>
> to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1) (emphasis in original).

As to Defendant's first argument, the Eighth Circuit Court of Appeals has held that § 922(g)(1) falls within Congress's authority under the Commerce Clause of the United States Constitution. *United States v. Bates*, 77 F.3d 1101, 1104 (8th Cir. 1996); *see also* U.S. Const. art I, § 8 ("The Congress shall have the power . . . To regulate commerce with foreign nations, and among the several states . . . ."); 18 U.S.C. § 3231 (granting jurisdiction to district courts for all offenses against federal law). "The dual sovereignty doctrine provides that although a defendant may not be prosecuted twice by the same sovereign for the same acts, a subsequent prosecution by a separate sovereign does not violate the Constitution." *United States v. Leathers*, 354 F.3d 955, 959-60 (8th Cir. 2004) (quotations and citation omitted). "It is well settled that the double jeopardy clause does not bar a federal prosecution of a defendant who had been prosecuted for the same acts in state court." *United States v. Garner*, 32 F.3d 1305, 1310 (8th Cir. 1994); *see also Leathers*, 354 F.3d at 961 (holding that successive federal prosecution under § 922(g) after state prosecution arising out of same acts did not raise double jeopardy concerns); *United States v. Talley*, 16 F.3d 972, 974-75 (8th Cir. 1994) (same).

Applying the law to the facts of the case, it is apparent that Defendant's reliance on cautionary dicta in *Lopez* is misplaced. 514 U.S. at 567 (noting that the adoption of the government's position would "convert congressional authority under the Commerce Clause to a general police power of the sort retained by the States"). At no point in *Lopez* does the Supreme Court abrogate the dual sovereignty doctrine. Rather, the prevailing, post-

*Lopez* law of the Eighth Circuit Court of Appeals compels the court to find that Defendant's "right to be free from being placed in jeopardy twice was not violated by his subsequent federal prosecution [under § 922(g)] for the same act" that gave rise to his state prosecution. *Leathers*, 354 F.3d at 961. Therefore, the Iowa Plea has no bearing on whether the Indictment charges an offense nor whether the court has jurisdiction over Defendant's case. *See* Fed. R. Crim. P. 34.

Defendant's second argument, an attack on the jurisdictional nexus, is equally unavailing. "To satisfy the interstate commerce element of § 922(g), it is sufficient that there exists 'the minimal nexus that the firearm[s] have been, at some time, in interstate commerce.'" *United States v. Shelton*, 66 F.3d 991, 992 (8th Cir. 1995) (quoting *Scarborough v. United States*, 431 U.S. 563, 575 (1977)). The holding in *Lopez* does not undermine this rule. The defendant, in *United States v. Rankin*, subsequent to his conviction on charges of being a felon in possession of a shotgun and ammunition in violation of § 922(g), moved to dismiss the charges for lack of subject matter jurisdiction based on *Lopez*. 64 F.3d 338, 339 (8th Cir. 1995). The Eighth Circuit Court of Appeals denied the defendant's motion, holding that *Lopez* did not invalidate Congress's jurisdictional authority under § 922(g). *Id*. Therefore, the defendant's conviction for possessing a shotgun that had been manufactured in New York and ammunition that had been manufactured in Illinois, while the defendant was in Missouri, was proper. *Id*.

At trial, Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Timothy Hunt ("Special Agent Hunt") testified that the Shotgun was manufactured in the Kingdom of Belgium in or about 1951. Special Agent Hunt further testified that the Ammunition consisted of 13 rounds of Remington 12 gauge ammunition ("Shotgun Ammunition") and four rounds of .223 NATO ammunition ("NATO Ammunition"). Special Agent Hunt testified that the Shotgun Ammunition was manufactured in the state of Missouri and the NATO Ammunition was manufactured in either the state of

Connecticut or the state of Arkansas. Defendant stipulated that he possessed the Shotgun and the Ammunition in the state of Iowa.

Defendant's case involved the presentation of only one witness, Defendant's father, Merle Schmidt. Merle Schmidt testified that he received the Shotgun from his father in or about 1974 upon his father's death. He testified that the Shotgun was used for hunting on the family farm and that, to his knowledge, the Shotgun has never traveled outside the state of Iowa.

The jurisdictional element of under § 922(g) is not one of degree. *See Scarborough*, 431 U.S. at 575 (holding that subject firearm need only travel in interstate or foreign commerce "at some time"). To suggest otherwise is a claim that the Eighth Circuit Court of Appeals has found "is without merit . . . ." *Rankin*, 64 F.3d at 339. At trial, the evidence adduced against Defendant revealed that there exists "the minimal nexus that the [Shotgun and Ammunition] have been, at some time, in interstate commerce." *Scarborough*, 431 U.S. at 575. Therefore, the Motion fails to show that "the court does not have jurisdiction of the charged offense." Fed. R. Crim. P. 34(a)(2).

## VI. CONCLUSION

For the foregoing reasons, the court **DENIES** Defendant Jason Schmidt's Motion in Arrest of Judgment (docket no. 75).

**IT IS SO ORDERED.**

**DATED** this 19th day of December, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA